Filed 5/25/21  P. v. Perez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO MAYA PEREZ,<br><br>    Defendant and Appellant. | H047878<br>(Santa Clara County<br>Super. Ct. Nos. 216335, C1647669) |

## I.  INTRODUCTION

In case No. 216335, defendant Arturo Maya Perez pleaded no contest to first degree burglary (Pen. Code, §§ 459, 460, subd. (a)).[1]  In case No. C1647669, defendant pleaded no contest to carjacking (§ 215), driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)), and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)).[2]  Defendant also admitted four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate term of 43 years to life.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Although the two cases were consolidated by the trial court before defendant's no contest pleas, the minute orders post-consolidation continue to reflect separate case numbers.

Defendant appealed.  This court reversed the judgment and remanded both matters for resentencing to allow the trial court to exercise its discretion pursuant to section 1385 in each case regarding whether to strike defendant's prior serious felony conviction for the purposes of sentencing him under section 667, subdivision (a).  (*People v. Perez* (May 2, 2019, H045775) [nonpub. opn.], p. 18 (*Perez*).)[3]  At the subsequent resentencing hearing, the trial court struck the prior serious felony allegation in each case and also struck the prior prison term allegations (§ 667.5, subd. (b)).  The court sentenced defendant to an aggregate term of 33 years to life.

In the current appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  Defendant submitted a letter that we have considered.

As we will explain, pursuant to *Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the entire record, considered defendant's contentions, and determined that there is no arguable issue on appeal. Therefore, we will affirm the judgment.

## II. BACKGROUND

Following the California Supreme Court's direction in *Kelly*, *supra*, 40 Cal.4th at page 110, we provide a brief description of the facts and the procedural history of the case.

### A. *The Offenses*[4]

In August 2016, when the victim returned to her residence, she noticed her front door had been damaged and forced open.  She discovered that costume jewelry worth

---

[3] Upon defendant's request in the current appeal, we have taken judicial notice of the record in his prior appeal.

[4] We rely on the probation report for the facts of defendant's offenses.

2

$100 and her social security card were missing.  Fingerprints found on her jewelry box matched defendant.

In September 2016, defendant, posing as a prospective buyer, asked a different victim if he could drive the Jeep that the victim was trying to sell.  The victim agreed. Defendant got into the vehicle, bringing with him a yellow plastic bag.  Shortly after defendant began driving, he stopped at a residence and asked the victim to knock on the door.  The victim refused.  Defendant then drove to a Safeway and told the victim that his girlfriend, Maria Guillen, was inside the store " 'getting the money.' "  At some point, Guillen got into the vehicle.

Defendant and Guillen spoke in " 'code' " to each other, which made the victim nervous.  The victim told defendant that he needed to go home.  Defendant stopped the vehicle and said to the victim, " '[T]his is your chance now.  I'm gonna keep the car. I have a gun.  Get out!' "  The victim initially refused, but then defendant yelled to Guillen, " '[G]et it out, do it!' "  Guillen retrieved the yellow plastic bag defendant had brought with him, and defendant pressed the bag against the back of the victim's head. The victim was fearful for his life because he thought there was a gun inside the bag. The victim exited the vehicle and called the police.

Soon afterwards, the police observed the victim's Jeep.  The police initiated a vehicle stop, but defendant would not stop.  Defendant then crashed into a parked vehicle.  Defendant and Guillen exited the Jeep.  Guillen lay down on the ground but defendant fled on foot, ignoring orders to stop.  The unoccupied Jeep began to reverse and collided with a mailbox.

A search of Guillen's cellular phone revealed text messages with defendant about " 'jacking' " someone.  Defendant was apprehended on November 4, 2016.

**B.** *The Charges and Pleas*

In case No. 216335, defendant was indicted on a charge of first degree burglary (§§ 459, 460, subd. (a)).  The indictment also alleged that defendant had suffered four

3

prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), four prior serious felony convictions (§ 667, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)).

In case No. C1647669, defendant was charged with carjacking (§ 215; count 1); driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing peace officer (Veh. Code, § 2800.2, subd. (a); count 2); and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 3). It was also alleged that defendant had suffered four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (b)).

On October 31, 2017, the trial court granted the prosecution's motion to consolidate the cases. On November 20, 2017, at the prosecution's request, the trial court dismissed three of the prior serious felony conviction allegations and one of the prior prison term allegations in case No. 216335. Defendant then pleaded no contest to first degree burglary in case No. 216335 and to carjacking, driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing peace officer, and misdemeanor resisting, delaying, or obstructing a peace officer in case No. C1647669. Defendant admitted four prior strike convictions, a prior serious felony conviction, and a prior prison term.

### C. *The Probation Report*

The probation report summarized defendant's criminal record, which began in 2009. Defendant had eight prior felony convictions: three convictions for first degree burglary; a conviction for attempted first degree burglary; two convictions for possession of a controlled substance for sale; a conviction for unlawful possession of ammunition; and a conviction for possession of stolen property. Defendant also had 17 prior misdemeanor convictions. Defendant committed the current offenses while on parole.

4

**D.** *The Romero Motion and Opposition*

Defendant filed a *Romero*[5] motion requesting that the trial court strike the four prior strike convictions he had admitted in both cases in the interests of justice pursuant to section 1385.  His request was based on the severity of the sentence he faced for the current offenses, which far exceeded the sentences he had received for his prior convictions; his personal history, which included the untimely death of his father and a lack of resources; his difficulty finding work due to his immigration status; his history of substance abuse; and his programming while in custody on the current offenses.

Defendant also contended that sentencing him pursuant to the "Three Strikes" law would violate the federal and state prohibitions against cruel and unusual punishment.  Defendant argued that an indeterminate sentence under the Three Strikes law would be grossly disproportionate to the crimes committed and the four-year sentence imposed for his four prior strike convictions.  Defendant observed that if the trial court struck three of the prior strike convictions, he faced a minimum determinate term of 15 years and a maximum determinate term of 27 years.

The prosecution filed written opposition to defendant's *Romero* motion.  The prosecution referred to defendant's numerous prior convictions, asserting defendant's criminal history was an "unrelenting record of recidivism," and argued that defendant's offenses had increased in severity.  The prosecution also observed that defendant had spent the majority of his adult life either in custody or on probation, and had committed his four prior strike offenses within a four-month period in 2014.  Defendant was sentenced for his most recent prior convictions on October 7, 2015, and committed the current offenses in August and September 2016.

The prosecution characterized the current offenses as "egregious and invasive," noting that defendant committed the offenses while on parole.  The prosecution argued

---

[5] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

that defendant's prospects were "slight" and defendant had not shown "any ability or desire to reform."

### E. *The Romero Hearing and Original Sentencing*

At the outset of the original sentencing hearing, the trial court stated that it had read and considered the probation report, defendant's *Romero* motion, and the prosecution's opposition. The court also noted that it had received documents from the California Department of Corrections and Rehabilitation regarding defendant's participation in programming.

Defendant's then-girlfriend, Maria Del Carmen, asked the trial court to give defendant a second chance and stated that defendant had changed.

Defendant argued that the death of his father when defendant was around 20 years old was extremely detrimental for him. After his father's death, defendant came to the United States from Mexico to earn money for his family. Defendant had no family support in the United States, which he found very challenging, and was exposed to drugs for the first time. Defendant stated that his contact with the criminal justice system began when he started experimenting with drugs and alcohol.

Defendant referred to the fact that he was sentenced on his prior residential burglary convictions "all at one time" and received a four-year sentence. Defendant stated that the past 10 years had been difficult for him, but he had started to build community support in the Bay Area. Defendant asked the court to sentence him to a determinate sentence so that one day he would be paroled.

The prosecution asserted that defendant "falls squarely within what [the] Three Strike[s] Law contemplates." The prosecution argued that defendant's conduct had escalated, observing that in addition to committing another first degree burglary, defendant committed a carjacking, "an even more serious, more violent act." The prosecution also stated that defendant "already has had his chance."

6

The trial court partially granted defendant's *Romero* motion in case No. 216335, striking three of the four prior strike convictions. The court stated that its decision to strike the prior strike convictions was based on the filed materials and statements made at the hearing; the nature and circumstances of the prior strike convictions; the punishment defendant received for the prior strike convictions; the nature and circumstances of the current residential burglary, which occurred when no one was home and involved a relatively small amount of property; and defendant's rehabilitative efforts in custody.

The trial court denied defendant's *Romero* motion in case No. C1647669. The court stated that it had considered the nature and circumstances of the current offenses and the prior strike convictions and defendant's background, character, and prospects for the future. The court found "that the manner in which th[e] crime was committed, the impact on the victim . . . , the seriousness of the offense, the threat and use of a weapon, the participation of multiple individuals to commit the crime, the coordination, the flight from law enforcement and the totality of the circumstances make this particular case . . . more aggravated in terms of considering the defendant's *Romero*-type of request. [¶] It does appear to show an increasing degree of criminal conduct, a heightened level of violence and/or threatened violence compared to the strike priors and the defendant's past criminal history. It was committed at a time when the defendant was on parole for serious violations with poor performance under prior grants of supervision. And it was committed shortly in time after the defendant committed the offense in [case No.] 216335. [¶] The Court cannot find within the interest of justice reasons to grant the defendant's *Romero* request in this docket. The Court believes that on this docket the defendant does fall within the spirit of the Three Strikes sentencing scheme. . . ." (Italics added.)

In case No. 216335, the trial court sentenced defendant to eight years for the burglary plus an additional five years for his prior serious felony conviction. The court struck the punishment for the prior prison term enhancement.

7

In case No. C1647669, the trial court sentenced defendant to 25 years to life for the carjacking plus five years for his prior serious felony conviction. The court imposed a concurrent four-year term for the willful and wanton disregard for the safety of persons or property while fleeing from police. The court struck the punishment for the prior prison term enhancement.

The total aggregate term imposed was 43 years to life.

### F. *Defendant's First Appeal*

In defendant's first appeal, he contended that (1) the trial court abused its discretion when it denied his *Romero* motion to strike his prior strike convictions in case No. C1647669; (2) his sentence constituted cruel and unusual punishment in violation of the federal and state constitutions; and (3) the cases must be remanded to permit the trial court to exercise its newly enacted discretion to strike his prior serious felony conviction.

First, this court determined that the trial court did not abuse its discretion when it denied defendant's *Romero* motion in case No. C1647669. (*Perez*, *supra*, H045775, at pp. 7-12.) This court reasoned in part: "The record demonstrates that the trial court understood its discretion and weighed the *Williams*[6] factors. The court stated that it had considered the nature and circumstances of the current offenses and defendant's prior strike convictions, as well as defendant's background, character, and prospects for the future. The court evaluated 'the manner in which th[e] [current] crime was committed, the impact on the victim . . . , the seriousness of the offense, the threat and use of a weapon, the participation of multiple individuals to commit the crime, the coordination, the flight from law enforcement and the totality of the circumstances.' It determined that the current offenses 'show[ed] an increasing degree of criminal conduct, a heightened level of violence and/or threatened violence compared to the strike priors and the defendant's past criminal history.' The court also considered that defendant committed

---

[6] *People v. Williams* (1998) 17 Cal.4th 148.

the current offense 'at a time when the defendant was on parole for serious violations with poor performance under prior grants of supervision' and that the offense was 'committed shortly in time after [he] committed the offense in [case No.] 216335.' The court concluded that it could not find that defendant fell outside the spirit of the Three Strikes law." (*Perez*, *supra*, H045775, at p. 10.)

Second, this court determined that defendant's original sentence of 43 years to life, imposed for the felony offenses of carjacking and burglary, was not grossly disproportionate and did not violate the federal and state prohibitions against cruel and unusual punishment. (*Perez*, *supra*, H045775, at pp. 13-16.) This court explained in part: "[D]efendant's sentence here is amply supported by the seriousness of the offenses and his criminal history. Defendant, while on parole for four prior strike convictions, committed two new strike offenses, a first degree burglary and a carjacking, in two separate incidents. (§§ 667.5, subd. (c)(17), 1192.7, subd. (c)(18), (27).) The carjacking involved the threat of a weapon and culminated in defendant's reckless flight from the police. In addition to defendant's four prior strike convictions, three of which were for residential burglary and one of which was for attempted residential burglary, defendant had four other felony convictions and 17 misdemeanor convictions." (*Perez*, *supra*, H045775, at p. 15.)

Third, based on amendments to sections 667, subdivision (a) and 1385, subdivision (b), which applied retroactively to defendant, this court reversed the judgment and remanded both matters for resentencing to allow the trial court to exercise its discretion in each case regarding whether to strike defendant's prior serious felony conviction. (*Perez*, *supra*, H045775, at pp. 16-18.)

### G. Trial Court Proceedings on Remand

After the case was remanded to the trial court, defendant filed a written request to "strike the punishment" for the serious felony enhancements. In support of striking the punishment, defendant referred to his prior *Romero* motion. He also described his

rehabilitative efforts since being transferred to state prison, including working in the dining room, studying English and math, and attending recovery groups for substance abuse and criminal and addictive thinking. Defendant also provided a letter in support from his girlfriend.

At the resentencing hearing on December 13, 2019, after hearing argument from the parties, the trial court struck the allegations and the punishment regarding the five-year prior serious felony enhancement in each case. The court also struck the prior prison term allegations (§ 667.5, subd. (b)) based on a change in the law that was soon to take effect and the fact that defendant's case was not final. The court stated that "[a]ll other terms of the sentence that were originally imposed remain in effect." In case No. 216335, defendant was sentenced to eight years for the burglary. In case No. C1647669, defendant was sentenced to 25 years to life for the carjacking, with a concurrent four-year term for the willful and wanton disregard for the safety of persons or property while fleeing from police. The total aggregate term for both cases was 33 years to life. For defendant's time in custody since the date of the original sentencing, the court granted defendant an additional 606 actual days custody credit in case No. 216335.

## H. *The Current Appeal*

On February 10, 2020, defendant filed a timely notice of appeal specifying that his appeal is based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea." We appointed counsel to represent him in this court.

## III.   DISCUSSION

This court received a handwritten letter in Spanish from defendant on March 9, 2021. At this court's request, appointed counsel provided an English translation of defendant's letter. We address each claim raised in defendant's letter.

First, defendant contends that his sentence of 33 years to life "was an excess of punishment."

10

In his prior appeal, this court determined that defendant's original sentence of 43 years to life, imposed for the felony offenses of carjacking and burglary, was not grossly disproportionate and did not violate the federal and state prohibitions against cruel and unusual punishment. (*Perez*, *supra*, H045775, at pp. 13-16.) After this court remanded the matter to the trial court to determine whether to exercise its discretion to strike defendant's prior serious felony conviction for the purposes of sentencing him under section 667, subdivision (a), the trial court struck the prior conviction in each case, which resulted in the instant 33-year-to-life sentence. Having previously determined that 43 years to life was not cruel and unusual punishment for defendant's felony offenses, we find no basis for concluding otherwise with respect to his current sentence of 33 years to life.

Second, we understand defendant to contend that the trial court erred in denying his *Romero* motion in case No. C1647669. Defendant argues that there are people in prison "with more violent crimes whose Romero motions have been granted."

In defendant's prior appeal, this court determined that the trial court did not abuse its discretion at the original sentencing when it denied defendant's *Romero* motion in case No. C1647669. (*Perez*, *supra*, H045775, at pp. 7-12.) At resentencing, the only additional information that defendant presented to the trial court pertained to his rehabilitative efforts in prison for approximately a year or less, which defendant presented to the trial court in connection with his request that the court strike the punishment for the prior serious felony enhancements. Having previously determined that the trial court did not abuse its discretion in denying defendant's *Romero* motion in case No. C1647669 at the original sentencing hearing, we find no basis for concluding otherwise on resentencing by the trial court.

Third, we understand defendant to contend that he should not have been convicted of carjacking because he "never used a gun and never physically assaulted the person." We understand defendant to concede that he took the vehicle without permission, but that

11

there was "no violence" and that he "did not touch [the victim] with [his] hands." Defendant states that he "did not have an offer," and that his trial counsel "did not know how much time they could give me at the time of my sentence."

We understand defendant's contentions to attack the legality of the proceedings, including the validity of his plea. However, defendant is precluded from challenging the legality of the proceedings, including the validity of his no contest plea, because he has not sought and obtained a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Mendez* (1999) 19 Cal.4th 1084, 1095, 1096.)

Fourth, defendant has requested that this court "appoint an attorney to assist [defendant] in [his] appeal." This court previously appointed counsel for defendant, and appointed counsel filed a *Wende* brief. To the extent defendant seeks the appointment of new counsel, we deny defendant's request because no basis has been shown for the appointment of new counsel.

In addition to considering defendant's claims, we have carefully reviewed the entire record. We conclude that there is no arguable issue on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV.  DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
GROVER, J.

*People v. Perez*
**H047878**